

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2007

# Castillo v. Fort Dix FCI

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3309

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Castillo v. Fort Dix FCI" (2007). *2007 Decisions.* Paper 1342.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1342

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-153                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3309
_____

CESAR CASTILLO,

Appellant

v.

FBOP FCI FORT DIX;
WARDEN JOHN NASH

_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. No. 05-CV-005076)
District Judge: The Honorable Freda L. Wolfson

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2007

Before: Rendell, Smith and Jordan, <u>Circuit Judges</u>.

(Filed: April 5, 2007)

_____

OPINION

_____

PER CURIAM

        Cesar Castillo, a federal inmate presently confined at FCI-Fort Dix, New Jersey,

appeals the District Court's dismissal of his § 2241 petition which challenged disciplinary

proceedings and resulting sanctions arising out of his illegal use and unauthorized possession of a cell phone and thirty books of postal stamps.

The facts are well known to the parties and will not be repeated at length here. At his disciplinary hearing on March 1, 2005, Castillo waived staff representation and he requested no witnesses. The disciplinary hearing officer found Castillo guilty of using a telephone for abuses other than criminal activity and for possession of an unauthorized cell phone and thirty books of stamps (valued at $220) that prison guards found in a routine search of Castillo's locker. He sanctioned Castillo with a total of forty days loss of good-time credit and eight years loss of phone and visitation privileges.[1]

Castillo filed a § 2241 petition in 2005, claiming that he was denied his Sixth Amendment right to counsel at the hearing and that the prison disciplinary hearing officer violated due process when he found Castillo guilty of misconduct based on arbitrary and capricious findings.[2] Castillo contends that loss of telephone and visitation privileges is excessive and a violation of his equal protection rights. He requested an order directing that the BOP eliminate the excessive phone and visitation sanctions, allow him to

---

[1] Castillo believes that he received a total of 8 years loss of phone privileges and 16 years loss of visitation privileges.

[2] Castillo contended that, because the disciplinary hearing officer never said whether the loss of good-time credits for two misconducts were to run concurrent with or consecutive to each other, he was "in a quandry" as to when his actual release date was. The District Court noted that the sanctions were listed separately for each violation, totaling forty days of lost good-time credits. See D.Ct. Op. at 5-6. The District Court correctly held that Castillo's claim did not rise to the level of a due process violation under Sandin v. Conner, 515 U.S. 472, 484 (1995). Id. at 7-9.

2

maintain family ties during a family crisis, and restore his good time credits.

The BOP answered, informing the court that it had reduced Castillo's loss of phone and visitation privileges to two years each.[3] After reviewing the petition and responsive pleadings, the District Court denied § 2241 relief. The District Court held that Castillo's Sixth Amendment claim failed because he had no constitutional right to be represented by counsel at the disciplinary hearing under Wolff v. McDonnell, 418 U.S. 539 (1974). The District Court held further that the disciplinary hearing process provided Castillo with all of the process he was due under Wolff, noting that Castillo was given notice and a hearing, and that the evidence supported the disciplinary hearing officer's findings, including but not limited to Castillo's admission of guilt. As for the Eighth Amendment excessive sanctions claim, the District Court determined that loss of phone and visitation privileges did not deprive Castillo of "the minimal civilized measure of life's necessities" and thus, it did not amount to cruel and unusual punishment under the Eighth Amendment. The District Court rejected Castillo's equal protection claim, holding that Castillo failed to allege any circumstances under which inmates "similarly situated" received lesser disciplinary sanctions. The District Court also ruled that, because the disciplinary sanction neither burdened a fundamental right nor targeted a

_____

[3] Castillo asserts that FBOP employees were the source for the contraband phones. He notes that the new warden at FCI-Fort Dix now requires all employees to enter the institution through a metal detector and has been restoring visitation and phone privileges to sanctioned inmates. See Informal brief, at ¶ 7.

3

suspect class, the disciplinary hearing officer's decision with respect to sanctions need only be rationally related "to some legitimate end," in order to be constitutional. In Castillo's case, the District Court determined that the loss of phone and visitation privileges bore a rational relation to the legitimate penological goal of influencing inmates to modify their behavior to acceptable standards. Castillo timely appealed.

We have jurisdiction to review the dismissal of Castillo's petition pursuant to 28 U.S.C. §§ 1291 and 2253(a). The Court must dismiss an appeal pursuant to 28 U.S.C. § 1915(e)(2)(B), if the appeal (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal may be dismissed under § 1915(e)(2)(B) for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Castillo's procedural due process challenge to the disciplinary hearing is properly brought under § 2241 because it entailed the loss of good time credits. See Edwards v. Balisok, 520 U.S. 641, 646 (1997). We agree with the District Court that Castillo received all of the process he was due under Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974). Additionally, the amount of lost good time credits conforms with the sanctions permitted under the prison regulations governing sanctions for the type of misconduct for which Castillo was adjudicated guilty. His due process rights were not violated.

Castillo seeks injunctive relief with respect to his loss of phone and visitation privileges. As we noted in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d

4

Cir. 2005), the Supreme Court's decisions in Nelson v. Campbell, 541 U.S. 637 (2004)

and Preiser v. Rodriguez, 411 U.S. 475 (1973), determined that § 1983 provides no

remedy in "conditions of confinement" cases where the claims asserted lie "at the core of

habeas." Id. (also citing Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002).  Castillo's phone

and visitation privileges claims alleging excessive and disparate disciplinary punishment

under the Eighth and Fourteenth Amendments do not lie "at the core of habeas" because

they do not affect the execution of his criminal sentence.  Thus, the claims are not

cognizable under § 2241.

Assuming that Castillo could challenge his disciplinary sanctions in a civil rights

action of the kind authorized by Bivens v. Six Unknown Named Agents of Federal

Bureau of Narcotics, 403 U.S. 388 (1971), any such claim by Castillo for the restoration

of phone and visitation privileges against Warden Nash in his official capacity must fail

because the allegations fail to state a claim upon which relief may be granted.

Although Castillo argued that the typical loss of privileges sanction for use or

unauthorized possession of a phone was much lower in most cases, he failed to show that

inmates receiving the lighter sanctions were otherwise "similarly situated" to him and,

thus, he failed to make out a Bivens equal protection claim.  Moreover, because the

withdrawal of phone and visitation privileges for a limited period of time as a regular

means of effecting prison discipline is not a dramatic departure from accepted standards

for conditions of confinement, Castillo has no cognizable liberty interest for Fourteenth

Amendment due process purposes.  Cf. <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).

Castillo also contends that both the original and the reduced loss of privileges sanctions are excessive under the Eighth Amendment.  We need not comment on the original sanction with respect to loss of telephone and visitation privileges.  As the District Court correctly noted, the BOP reduced the sanction to a total of two years loss of each of these privileges.  We agree with the District Court that the reduced sanctions do not amount to excessive punishment under the Eighth Amendment, <u>see</u> <u>Overton v. Bazzetta</u>, 539 U.S. 126, 136-37 (2003), or to the kind of "extreme deprivation" of prison conditions prohibited under the Eighth Amendment, <u>see</u> <u>DeShanney v. Winnebago County Dep't of Social Services</u>, 489 U.S. 189, 199-200 (1989).  Thus, we hold that Castillo's disciplinary punishment, as modified by the prison officials, does not violate the Eighth Amendment and he is therefore not entitled to injunctive relief.[4]

Because the appeal lacks an arguable basis in law or fact, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).  Appellees' motion for summary affirmance is denied.

6

---

[4] For the same reasons, Castillo is not entitled to injunctive relief based on the federal courts' equity jurisdiction under 28 U.S.C. § 1331 and he has not shown a clear and indisputable entitlement to mandamus relief pursuant to 28 U.S.C. § 1361.